CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAR 2 2 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DOUGLAS G. SATTERFIELD, | ) | CASE NO. 4:06CV00056 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security[1], | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's September 24, 2004 claim for a period of disability and disability insurance benefits and his September 24, 2004 claim for supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision dated February 14, 2006, an Administrative Law Judge (" Law Judge") found that plaintiff had a history of coronary artery disease with heart catherizations and stent

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner of Social Security as the defendant.

placements and mild degenerative changes in the lumbar spine placements, which he considered to be "severe" under the Act. (R. 23-25.) He further found that none of plaintiff's impairments met or equaled the requirements of any listed impairment, and his statements concerning the intensity, duration and limiting effects of the symptoms produced by his impairments were "not entirely credible." (R. 25-26.) The Law Judge further concluded that while plaintiff's past relevant work as a oil company truck driver was medium to heavy exertional work, the Dictionary of Occupational Titles (DOT) revealed that the occupation of truck driver could be generally performed as light and sedentary jobs. (R. 28.) The Law Judge then determined plaintiff could perform his past relevant work, "as generally performed in the national economy, as well as other jobs[2]." (R. 28-29.) Accordingly, the Law Judge found plaintiff not disabled at the penultimate level of the sequential evaluation process.

Plaintiff appealed the Law Judge's decision to the Appeals Council. The Appeals Council found no basis in the record, or in the reasons advanced on appeal, to review the decision. (R. 6-8.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to

---

[2]The Law Judge further concluded that plaintiff could also work as a service station attendant, light janitorial, cashier, and product inspector. (R. 29.)

review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In the brief filed in support of his motion for summary judgment[3], plaintiff argues that the Law Judge failed to evaluate the severity of his multiple impairments individually and to assess whether the combination of his impairments imposed additional limitations on his ability to perform substantial gainful activity. (Plaintiff's Brief, pp. 4-5.) The Commissioner has responded to plaintiff's contentions primarily by referring to or quoting numerous observations of plaintiff's condition by his primary treating cardiologist, William H. Van Dyke, Jr., M.D. Essentially, the Commissioner contends that while plaintiff has a history of coronary artery disease, objective testing reveals normal findings. Repeated evaluations by Dr. Van Dyke led him to conclude:

> ***He has been studied and everything looks okay. . . . He is basically, in my opinion, trying to get disability.*** His arteries were open the last time he was evaluated and his LV function was normal so heart-wise he is certainly not going to get it.

(R. 215 (emphasis added).)

Plaintiff got a second opinion on his chest pain from William M. Brown, M.D. in March 2005. (R. 213-214.) Dr. Brown confirmed Dr. Van Dyke's normal findings. Dr. Brown found that plaintiff had a "regular rhythm without appreciable murmur, rub, click or gallop." (R. 214.)

---

[3]Plaintiff's counsel represents that a letter brief faxed by him to the Appeals Council never was included in the record of the Council's proceedings and attached same as an exhibit to the brief. (Pl's Brief, p. 3; Ex. 1.) The undersigned will treat the arguments advanced in that letter brief as incorporated by reference in counsel's Brief to the court.

3

Dr. Brown was not able to find the cause for plaintiff's claimed chest pains except muscular and prescribed only Ibuprofen. (*Id.*)

Plaintiff also had complained of left leg pain and weakness, and a neurological examination in 2004 did produce findings that plaintiff had "mild weakness" of the left ankle and foot everter and that he had a "mildly diminished" left knee jerk and left ankle jerk. (R. 167.) In 2005, an EMG and nerve conduction studies of the left lower extremity were "normal" in all respects. (R. 193.)

The only treating source evidence supporting plaintiff's claims was that of Karen Wilkinson, a nurse practitioner. Though the objective findings of her examination were normal, she opined in a disability form that plaintiff was unable to work because of his coronary artery disease and numbness in his leg. (R. 259, 278.) In light of the fact that Wilkinson is a nurse practitioner, she does not qualify as an acceptable medical source, though her observations of the plaintiff over time could be given some weight. 20 C.F.R. §§ 404.1513(a), (d)(providing that a nurse practitioner is not an "acceptable medical source"; therefore, they do not qualify to give an opinion regarding the existence of a severe impairment, only the severity of the impairment and the extent to which it impacts a claimant's ability to work). Therefore, the Law Judge properly deferred to the evidence of plaintiff's treating cardiologists in matters relating to the existence of plaintiff's coronary artery disease.

The point of reciting the medical evidence produced by plaintiff's own sources is simply to make clear that he cannot rise higher than his own evidence will take him. That evidence does not establish that his impairments prevent him from performing the job of truck driver, as generally performed in the national economy, and goes further to overwhelmingly support the

4

findings by the Law Judge as to plaintiff's credibility, the nature of his impairments and, ultimately, their vocational effects.

Therefore, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

3-22-07
Date